## LEVI DENNETT *vs.* PENOBSCOT FAIR GROUND COMPANY.

The law does not imply a promise to pay rent for the occupation of real estate under a contract of purchase ultimately consummated ; and if there be no express promise on the part of the purchaser, an action for use and occupation cannot be maintained against him.

On Report.

Assumpsit for use and occupation of lands and buildings called "Bangor Trotting Park," fourteen months and three days from April 9, 1864, to June 22, 1865, at $500 per year.

It appeared that the plaintiff, in April, 1864, gave a bond to the defendants, obligating himself to convey a parcel of land in Bangor (consisting of eighty-five acres, and comprising the Bangor Trotting Park), on payment of eighty-five hundred dollars within the time specified in the bond; that this bond was renewed from time to time, until June, 1865, when the purchase was completed in accordance with the terms of the bond, and the conveyance made.

There was also evidence tending to show that the defendants occupied after the execution of the bond, gathered the hay, and that $500 per year was a fair rent.

If the action was not maintainable, the plaintiff was to become nonsuit.

*J. S. Rowe*, for the plaintiff, cited *Howard v. Shaw*, 8 M. & W. 118, and note; *Hull v. Vaughn*, 6 Price, 422; *Gould v. Thompson*, 4 Met. 224; *Clough v. Harford*, 5 N. H. 231.

*N. Wilson*, also, for the plaintiff, cited *Soper v. Pratt*, 51 Maine, 558; *Proprietors of No. 6 v. McFarland*, 325.

*C. P. Stetson*, for the defendant, cited *Larrabee v. Lambert*, 34 Maine, 81; *Smith v. Stewart*, 6 Johns. 46 ; *Bancroft v. Wardwell*, 13 Johns. 489 ; *Kirtland v. Pounsett*, 2 Taunt. 145 ; *Winterbottom v. Ingham*, 53 Eng. C. L. 616 ; *Stacy v. Vermont Cent. R. R. Co.* 32 Verm. 553 ; *Little v. Pearson*, 7 Pick., 301; *Dakin v. Allen*, 8 Cush. 34; *Woodbury v. Woodbury*, 47 N. H. 22; *Gould v. Thompson*, 4 Met. 229.

WALTON, J. When a person occupies real estate under a contract for the purchase of it, and the contract is ultimately carried into effect, and there is no express promise on the part of the purchaser to pay rent, the law will not imply one, and an action for use and occupation cannot be maintained against him. The circumstances under which he occupies repel any such implication. The price agreed upon is presumed to be a sufficient consideration for the intermediate occupation of the land, as well as the ultimate conveyance of the title to it. The title of the purchaser, so far as

his right to occupy is concerned, relates back to the time when he first took possession under his contract to purchase ; or, as the rule is sometimes expressed, the previous tenancy is merged in the subsequent conveyance of the fee. Thus, in *Gould* v. *Thompson*, 4 Met. 224, where the plaintiff recovered because the defendant continued to occupy the premises after having refused to execute his contract to purchase, the court say, that " had the deed in fact been given, pursuant to the parol agreement, then the tenancy at will would be considered as merged in the executed contract, which by its terms would relate back to the time that possession was given under that agreement." Similar language is used in *Woodbury* v. *Woodbury*, 47 N. H. 11. And in *Dakin* v. *Allen*, 8 Cush. 33, Chief Justice Shaw says : " But it is sometimes said that one who is in thus under a contract for a sale is tenant at will to the owner ; in a certain sense he is a tenant at will, as a mortgager is tenant at will to the mortgagee, because he may enter upon and eject him, if he can do. it peaceably, or maintain a real action on his title, and thus gain the possession ; he is like a mortgager in relation to a mortgagee in another respect ; he is under no obligation to pay rent unless upon an express agreement."

No express promise to pay rent is proved in this case. The defendants entered under a contract to purchase. This contract was not executed within the time first agreed upon, and the plaintiff could have treated it as rescinded if he had chosen so to do. But he did not so treat it. He renewed it from time to time, making no claim for rent, till it was finally consummated, and the conveyance actually made. Under these circumstances the law will not imply a promise to pay rent. The relations of the parties, and the circumstances under which the defendants occupied, repel any such implication. *Plaintiff nonsuit.*

APPLETON, C. J.; CUTTING, KENT, DICKERSON, and TAPLEY, JJ., concurred.