Cheshire,
No. 4707.

BENEDICT GINSBERG *v.* NORTH RIDING, INC.

Argued January 6, 1959.

Decided January 30, 1959.

512

*Goodnow, Arwe & Ayer* and *John M. Reynolds* (*Mr. Reynolds* orally), for the plaintiff.

*Maurice M. Blodgett* (by brief and orally), for the defendant.

BLANDIN, J. The question before us is whether the defendant. corporation, which held possession of the plaintiff's premises from July 29, 1955, when he purchased them at foreclosure sale, to May 21, 1956, without any express agreement as to the payment of rent, is liable for the reasonable value of the use and occupation of the property for this period. Unquestionably, from July 29, 1955, to December 12, 1955, when an agreement to buy and sell was consummated between the parties, the defendant was holding property which, by its own admission, it knew belonged to the plaintiff, and it was deriving the benefit of the use and occupation of it without any agreement that it might do so. RSA 540:1 provides: "Every tenancy or occupancy shall be deemed to be at will, and the rent payable upon demand, unless a different contract is shown." Here no different contract was shown, and in all the circumstances we believe the Court could properly allow recovery of a reasonable amount for this period. *Woodbury* v. *Woodbury*, 47 N. H. 11, 22, 23; see *Plummer* v. *Currier*, 52 N. H. 287, 296. The Court could also have found "an obligation arising out of the equitable doctrine of restitution" (*Sibley Oil Co.* v. *Stein*, 100 N. H. 356, 357) and permitted recovery upon that basis.

As to the period from December 12, 1955, to May 21, 1956, the defendant claims it cannot be liable because its agreement to buy of December 12, which was later performed, concludes the parties

and that any right of the plaintiff to recover in trespass or for use and occupation was merged in this agreement and the deeds given pursuant to it.

The interpretation of the letters and deeds presents "a question of intention, which is a question of fact," to be determined in the light of all the circumstances. *Barnard* v. *Insurance Co.*, 88 N. H. 292, 293. It is to be decided in the first instance by the Trial Court. *Newcomb* v. *Ray*, 99 N. H. 463, 465. In none of the correspondence between the parties leading up to and consummating the agreement to buy and sell, nor in the deeds, was the subject of rent mentioned or referred to in any way. The correspondence and the circumstances, however, do show plainly that the defendant, and not the plaintiff, was the one who was anxious that it be allowed to remain on the property. It was running a school there, the plaintiff was paying the insurance on the buildings the defendant occupied, and the defendant had the use of a substantial balance which it was not to pay to the plaintiff until the deeds were passed. Letters written in February, 1956, by the plaintiff to the defendant, requested that the latter pay insurance and taxes, since it was getting the benefit of the property, and upon the defendant's refusal, the plaintiff suggested that he might have his attorney fix the value of the occupancy. The Court was at liberty to interpret this correspondence consistently with an intent of the plaintiff to claim compensation from the defendant, and in any event, in the light of all the facts, it cannot be said that as a matter of law these letters barred the plaintiff from recovery. The weight to be attached to various portions of the correspondence and the resolving of possible contradictions as to the question of intent were for the Trial Court. In all the circumstances, we do not believe the Court was compelled to find, as a matter of law, that the parties intended their contract to terminate the defendant's obligation to pay. In the absence of a finding of such an intent, the defendant would be liable under RSA 540:1 for the reasonable value of its use and occupation of the premises. Furthermore, in reaching its decision the Court could have considered applicable the equitable principles of restitution. *Sibley Oil Co.* v. *Stein*, 100 N. H. 356, 357; Restatement of the Law of Restitution, *s.* 1.

The authorities cited by the defendant, such as *Dennett* v. *Penobscot Fair Ground Co.*, 57 Me. 425, to establish that one who occupies property under a contract to purchase it and who later completes his agreement, is not liable for use and occupation, are

all distinguishable from the present situation. In the *Dennett* case, while denying recovery to the plaintiff owner, the Court was careful to point out that the facts refuted any "implication" that the vendee was to pay rent. So, too, the question of whether any prior obligations of the defendant here to pay rent were merged in the deeds (57 C. J. S., Merger, *pp.* 1068, 1069) resolves itself again into one of the intent of the parties to be determined by an examination of the letters and deeds in the light of surrounding facts. *Wiseman* v. *Merrill*, 99 N. H. 256, 258. The Court has here found their intent contrary to the contention of the defendants, or rather has failed to find that there was any intent of the parties, expressed or implied in the deeds and correspondence, that the defendant should pay no rent.

While upholding this finding, and the Court's conclusion based upon it, we wish to make it clear that we do not do so in derogation of the general rule that an occupier of premises under contract to purchase, who later completes his agreement, is ordinarily not liable for rent to the owner. In short, our holding is limited to the facts of this case. This appears to dispose of all exceptions of merit and the order is

*Judgment on the verdict.*

WHEELER, J., did not sit; DUNCAN, J., dissented in part; the others concurred.

DUNCAN, J., *dissenting in part:* I concur in the result reached by so much of the foregoing opinion as would award the plaintiff compensation for use and occupation by the defendant prior to the agreement of December 12, 1955. *Woodbury* v. *Woodbury*, 47 N. H. 11, 23, 24. See, I American Law of Property, *ss.* 3.32, 3.36. However I dissent from the holding that this liability extends to the period after that date, when the defendant continued in possession as purchaser under a contract of purchase and sale containing no provision for the payment of rent, and pursuant to which it had made a down payment of $10,000, of which $3,725 was to be "forfeited as liquidated damages" in the event of default on its part. *Williams* v. *Noiseux*, 43 N. H. 388; *Parks* v. *Company*, 94 N. H. 454. See *Woodbury* v. *Woodbury*, *supra*, 22; III American Law of Property, *s.* 11.34. Under these circumstances, RSA 540:1 can have no application. *Williams* v. *Noiseux*, *supra*.